UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LUIS SALAZAR,<br><br>Defendant. | 1:14-CR-10037-03-CBK<br><br><br>ORDER |

Defendant pleaded guilty to conspiracy to distribute methamphetamine and was sentenced on November 30, 2015, to 87 months custody, which was a mid-guideline sentence based upon a range of 77-96 months. Defendant filed a motion to compel specific performance of the plea agreement, contending that the government breached the plea agreement when it failed to recommend a sentence at the low end of the guideline range and to recommend a departure to account for time served on a state court ingestion charge. The government agreed that it had failed to comply with the plea agreement in those respects. That motion was denied based upon the Court's finding that, based upon defendant's culpability, a sentence at the high end of the guideline was appropriate and defendant was essentially given credit for time served when a sentence below the high end was imposed.

Defendant has filed a motion for a judicial recommendation to the Federal Bureau of Prisons ("BOP") that they place defendant in a residential re-entry center (halfway house) for the final twelve months of his prison sentence pursuant to 18 U.S.C. § 3624(c)(1) and 3621(b). Defendant's scheduled release date is July 10, 2021. https://www.bop.gov/inmateloc/ (visited August 30, 2018).

Congress has entrusted to the BOP the determination of the placement of federal defendants sentenced to a term of custody. 18 U.S.C. § 3621(b). Pursuant to the Second Chance Act of 2007: Community Safety Through Recidivism Prevention, Pub. L. 110-199, 122 Stat. 657, the BOP is directed:

to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

Pub. L. 110-199, § 251(a), codified at 18 U.S.C. § 3624(c)(1).

The prerelease custody provision does not mandate that the BOP place a particular inmate in a residential re-entry center and, if such placement is made, does not mandate any particular length of placement. Congress directed the BOP to issue regulations "which shall ensure that placement in a community correctional facility by the Bureau of Prisons is . . . of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C). In response to the Second Chance Act, the BOP amended Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure. Sacora v. Thomas, 628 F.3d 1059, 1063 (9th Cir. 2010) (*citing* Pre–Release Community Confinement, 73 Fed. Reg. 62440–01 (Oct. 21, 2008) (codified at 28 C.F.R. §§ 570.20–.22)). That Program Statement now provides that "[a]n inmate may be referred up to 180 days, with placement beyond 180 days highly unusual, and only possible with extraordinary justification." "In delegating the authority to the BOP to adopt regulations implementing the SCA, the space between 'sufficient duration' and '12 months' was expressly left to the BOP to fill." Sacora v. Thomas, 628 F.3d at 1066.

Clearly, Congress vested the BOP with discretion as to the actual length of pre-release placement in a community corrections center. While the district court may recommend the place of imprisonment, the Second Chance Act specifically provides that such recommendation is not binding upon the BOP:

Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

Pub. L. 110-199, § 251(b), codified at 18 U.S.C. § 3621(b).

2

Defendant requests that I recommend to the BOP that defendant be placed at a residential re-entry center for the final twelve months of his sentence. The purpose of pre-release placement is to "afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). "The ultimate goal is to maximize each eligible inmate's chances for successful release and a law-abiding life." Program Statement 7310.04. The criteria for determining pre-release placement "coincide with the five factors set forth in 18 U.S.C. § 3621(b):

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence—
>> (a) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>> (b) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission.

Bowers v. Warden, Fed. Prison Camp, Yankton, No. CIV 10-4006, 2011 WL 795546, at 2 (D.S.D. 2011) (Piersol, District Judge). "Assessing inmates under the above criteria necessarily includes continuing to consider the more specific, and familiar, correctional management criteria found in PS 7310.04, including, but not limited to, the inmate's needs for services, public safety, and the necessity of the Bureau to manage its inmate population responsibly." *Id.*

While the BOP can consider, but is not bound by, a district judge's recommendation as to placement, there is no requirement that the BOP consider a recommendation from the district court as to the duration of pre-release placement. This Court would have no knowledge of any of the foregoing matters upon which to base a recommendation as to the length of placement.

3

Based upon the foregoing,

IT IS ORDERED that defendant's motion, Doc. 213, for a judicial recommendation of extended placement in a residential re-entry center is denied.

DATED this ___13___ day of September, 2018.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge